GUIDRY, Justice,
dissents and assigns reasons.
hi respectfully dissent. While I agree in general with the dissenting reasons of Justice Weimer, I believe the outcome in this case is more directly determined by the pleadings in the plaintiffs’ petition for damages. Under La. Rev.Stat. 31:136, if the mineral lessor seeks “relief from his lessee arising from drainage of the property leased or from any other claim that the lessee has failed to develop and operate the property leased as a prudent operator, he must give his lessee written notice of the asserted breach and allow a reasonable time for performance by the lessee as a prerequisite to a judicial demand for damages or dissolution of the lease.” The petition alleges that the defendants’ conduct constituted “a breach of the oil, gas, and mineral leases which covered the oil and gas activities” on the property. Original Petition for Damages, para. 21. The petition further alleges that “each defendant has |2breached those standards im *822 posed by the Louisiana Mineral Code which govern the conduct of prudent operators.” Id. These allegations establish that the plaintiffs were obligated under La. Rev.Stat. 31:136 to provide the required pre-suit notice to defendants and to allow them a reasonable opportunity to perform. Because the plaintiffs did not provide such notice and did not allow an opportunity to perform, the district court properly sustained the defendants’ exception of prematurity/want of amicable demand. This court should reverse the decision of the court of appeal and reinstate the district court’s ruling.